David Lewis KEITH, Appellant,

v.

Leo BEACH et al., Appellees.

No. 25094.

United States Court of Appeals, Ninth Circuit.

Feb. 3, 1972.

As Modified on Denial of Rehearing April 11, 1972.

Gerald H. Robinson (argued), Portland, Or., for appellant.

William D. Appler (argued), Sidney I. Lezak, U. S. Atty., Jack G. Collins, Asst. U. S. Atty., Portland, Or., Morton Hollander, Reed Johnston, Jr., Dept. of Justice, William D. Ruckelshaus, Asst. Atty. Gen., Washington, D. C., for appellees.

Before BARNES and KILKENNY, Circuit Judges, and McNICHOLS, District Judge.*

PER CURIAM:

Appellant is subject to the Military Selective Service Laws and as such is a registrant with Local Board No. 12, Selective Service System, Corvallis, Oregon (hereinafter the "Board").

Appellees, as indicated in the caption, comprise the five-man membership of the Board, except for appellee Hicks, who is State Director of the Selective Service Board for Oregon.

The Board duly classified Keith in Class I-A on or about February 24, 1968. On approximately the same date, appellant filed with the Board a completed Selective Service Form No. 150, making application for classification I-O (conscientious objector). The registrant's file was received by the Board and he was retained in a I-A classification. Sometime later Keith was invited to appear before the Board for the purpose of a reconsideration of his classification status. Two members of the Board conducted this interview and later the entire Board voted 5 to 0 to continue the registrant in Class I-A. Keith requested and was afforded, on June 12, 1969, still another personal appearance. Once more only two members were in attendance at the hearing but again a majority of the Board voted, 4 to 0, to reject the application for change to I-O status. Appellant then took an unsuccessful appeal to the Oregon State Selective Service Appeals Board.[1]

Appellant initiated this case in the United States District Court by filing a complaint seeking injunctive and declaratory relief as well as monetary damages all founded on an alleged deprivation of due process of law. It is conceded that the thrust of the action is to secure a pre-induction judicial review of the Selective Service classification system. Keith enumerates five grounds on which he alleges that the procedure utilized denied him due process of law:

"1. That plaintiff was denied a hearing before those members of Local Board Number 12 who voted on his request for I-O classification.

"2. Plaintiff's request for I-O classification was decided adversely to him by members of Local Board Number 12 on the basis of hearsay evidence rather than upon their hearing of plaintiff personally, or at the very least, on the basis of a written verbatim transcript of his personal appearance and interview.

"3. That plaintiff was denied the right to orally argue his case for I-O classification to all Board members who voted upon it.

"4. Plaintiff was never notified in advance of his personal appearance of the basis of the Board's previous denials of his I-O classification request, or the issues to be decided by the Board pursuant to said personal appearance, so that he was unable to effectively prepare his case for presentation to said Local Board Number 12 at his personal appearance on June 12, 1969.

"5. Plaintiff has even to this day never been notified of the basis of the Local Board Number 12's denial of his I-O classification request, nor does his file reflect such a basis, and such a failure of notification makes it impossible to effectively utilize his right of appeal to the State Appeal Board in that plaintiff cannot determine what

---

* The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

1. According to the original complaint, the appeal to the State Board was still pending at the time the case was filed in the District Court. Thus the issue of exhaustion of administrative remedies was raised by the appellees. However, we were advised at argument that an amendment had been accepted after the state board appeal had proved unsuccessful. In the light of this representation and considering the view we take of the instant appeal, we do not deal with the exhaustion of remedies issue.

additional evidence, if any, would meet his burden of proof to establish his right to a I–O classification."

It is not contended that the Board acted contrary to any controlling statute or regulation but rather that the generally accepted practices adopted by Selective Service Boards create a denial of procedural due process in the particulars enumerated.

The Court below held that Sec. 10(b)(3) of the Military Service Act of 1967 (50 U.S.C.A., Appendix 460(b)(3)) barred review. We agree. Section 10(b)(3), so far as is pertinent, provides:

". . . No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction. . . ."

The obvious purpose of this statutory provision is to prevent judicial interruptions with the orderly procedure set by Congress to provide the military manpower necessary to the national defense. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968). Appellant relies heavily on the fact that the Supreme Court has recently established an exception to the strict restrictions on pre-induction court review found in the plain language of Sec. 10(b)(3). However, the exceptions granted by the Supreme Court have been strictly limited to situations where the action of the local board was found to have been "blatantly lawless". Oestereich v. Selective Service Bd., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970). Thus the exception is a very narrow one. Only in the extreme case, where it is clear that the board has flouted the law, is pre-induction review of regis-

trant classificational processing to be permitted. The Supreme Court has gone no further and we decline the invitation to do so.

Appellant has totally failed to bring himself within the restricted exception allowed to the mandate of Sec. 10(b)(3). It follows that the district court properly denied jurisdiction.

Affirmed.